GUARDIOLA, PLAINTIFF AND APPELLANT, *v.* COMPAÑÍA AZUCARERA DEL TOA ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the Second District Court of San Juan in an Action of Intervention.—Memorandum of Costs.

No. 2541.—Decided March 15, 1923.

COSTS—ATTORNEY FEES—TRANSCRIPT—DISCRETION OF COURT.—In an action of intervention a judgment for costs was entered against the defendant, the plaintiff in the original action, and the intervenor presented a memorandum of costs including an item for attorney fees. This was opposed by the defendant and the court proceeded to correct its judgment so as to exclude the attorney fees. The intervenor appealed. *Held:* That the trial court having full discretion in the matter of costs and the appellant not having included in the transcript the evidence that the judge of the court below had before him, the appellate court is not in a position to say whether or not the judge abused his discretion in excluding the attorney fees.

The facts are stated in the opinion.

*Messrs. Soto Gras & Siaca* for the appellees.

*Mr. E. Campillo* for the appellant.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was adjudged to be the owner of an automobile attached by the Compañía Azucarera del Toa as the property of Félix Escudero.

The judgment, drawn by counsel for claimant, contained a pronouncement as to costs to be paid by plaintiff in the original action.

After a hearing upon a memorandum including attorney's fees, which was opposed by the company above mentioned, the court below amended its judgment so as to exclude attorney's fees, and allowed the other items.

Appellant relies primarily upon section 328 of the Code of Civil Procedure, in connection with sections 327, 330, 331 and 339 thereof, and insists upon an absolute right to costs, including attorney fees, as a matter of course.

But this question was decided adversely to the contention of appellant long before the date of the ruling now

complained of in *Zorrilla* v. *Orestes et al.*, 28 P. R. R. 698, followed by *Candal et al.* v. *Vargas et al.*, 29 P. R. R. 603. The view there taken was in substance that section 328 had been repealed; that costs in all cases, including special proceedings, are to be awarded or not at the discretion of the trial court; and that costs as a matter of course are now obsolete in this jurisdiction. Sections 327, 328, 330, 331 and 339, *supra,* are set forth in full in the earlier of the two cases last mentioned.

We quite agree with appellant that the circumstances appearing upon the face of the record, without more, would establish a clear right to attorney's fees, and, were the transcript complete, might justify a reversal. But the record recites that claimant introduced both documentary evidence and oral testimony in support of his claim, and no statement of the case was included in the transcript. It is also true that the defendant company set up no affirmative matter in justification or excuse, and introduced no evidence at the hearing on the memorandum. But the trial judge has a very broad discretion in matters of this sort, and there is a strong presumption in favor of the correctness of the conclusion reached below. Some satisfactory ground upon which to rest the seizure of appellant's property, by plaintiff in the original action, may have been developed on cross-examination of claimant's witnesses, or in some other incidental way, at the hearing; and, upon the fragmentary record before us, we are unable to say that the court below abused its discretion.

The ruling appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.